PEOPLE ex rel. BACON v. SUPERVISORS KINGS CO. 373

SECOND DEPARTMENT, DECEMBER TERM, 1885.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. BACON, Appellant, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF KINGS, Respondent.

*Board of supervisors* — 1875, chap. 482 — *power of, to fix compensation of employees in district attorneys' offices* — *when it may be fixed by agreement without an express resolution.*

August 7, 1877, the board of supervisors of the county of Kings passed a resolution fixing the salary of the chief clerk in the district attorney's office at $3,000 a year. On November eighth of that year the board adopted a resolution to raise for the current fiscal year a certain sum for the salaries of the district attorney, his clerks, etc., which sum of money was insufficient to pay these officers the salaries fixed by the prior resolution. The district attorney, who had just been elected, made a list of his clerks, and of the salary each was to receive, including his own, the sum of which just equaled the amount raised by the board. He appointed the relator chief clerk, at a salary of $1,500 a year, and the relator accepted the appointment and drew the salary monthly at that rate, and gave receipts therefor.

Thereafter the relator, claiming to be entitled to the difference between the salary as fixed by the resolution of August seventh and that actually paid to him, sought to compel the board of supervisors to pay this difference to him:

*Held,* that his application was properly refused.

That the board had authority to fix the number, grade and compensation of the employes in the office of the district attorney, under chapter 482 of 1875.[*]

That the acts of the board, the district attorney and the relator amounted to a contract as between them, and the amounts received by the relator thereunder were in full for all services rendered by him.

APPEAL from a judgment in favor of the respondent, entered upon a decision of Mr. Justice CULLEN, after the trial of issues arising upon the return to an alternative writ of *mandamus.*

The writ commanded the respondent to audit and pay relator's claim for $14,398.31, or show cause why the writ ought not to be obeyed.

On the 7th day of August, 1877, the board of supervisors passed a resolution, of which the sixth section was as follows:

" That the salary or pay of the chief clerk in the district attorney's office be, and the same is hereby fixed at the sum of three thousand dollars per annum." The salaries provided for in this resolution to be paid to the district attorney, his deputies, clerks and officers, amounted in the aggregate to over $26,000.

---

[*] See *People ex rel. Masterson* v. *Gallup* (96 N. Y., 628). — [REP.

374  PEOPLE ex rel. BACON v. SUPERVISORS KINGS CO.

SECOND DEPARTMENT, DECEMBER TERM, 1885.

On the eighth day of November, in the same year, the board adopted another resolution by which it was determined to raise by taxation in the then current fiscal year the sum of $22,000 for that purpose.

Isaac S. Catlin, Esq., who had just been elected district attorney, thereupon made out a list of his deputies, clerks and officers, and set opposite the name of each the salary he was to receive, the aggregate of the salaries, including his own, equaling the unexpended balance of the $22,000 to be raised for that purpose.

Mr. Catlin informed the relator that he intended to appoint him chief clerk, at a salary of $1,500, which was the amount set opposite his name. The relator accepted the position on the 1st of January, 1878, at the rate of compensation mentioned.

The list was sent to the county treasurer, and the salaries marked upon it were paid to the several persons named, relator receiving $1,500, in monthly payments, and giving his receipts therefor.

On the 24th day of January, 1884, the relator presented a bill to the board of supervisors, in which he claimed that up to August, 1881, he was entitled to receive $5,000 per year, and the amount of such bill was the difference between $5,000 and $1,500 per year, with interest. The claim was rejected, whereupon the alternative writ, was issued. Relator did not present his bill to the county auditor, and the latter never passed upon it. At the trial only $3,000 was insisted upon as being the rate at which the relator ought to have been paid yearly.

Judgment was rendered in favor of the respondent, dismissing the writ, with costs.

*James Troy*, for the relator.

*William G. Cooke*, for the respondent.

BARNARD, P. J.:

No doubt can be entertained, I think, but that the general law (chap. 482 of Laws of 1875) gives the board of supervisors of Kings county power to fix the number, grades and compensation of the employes in the office of the district attorney.

Chapter 544 of the Laws of 1857, limiting the power of appointment in the district attorney to one clerk at a compensation of not exceeding $1,000 per annum, and chapter 111, Laws of 1866, were both merged in the general law.

The board had power to fix the compensation of the relator, and in August, 1877, did fix the salary for the office of chief clerk, which relator filled at $3,000 per annum. This was done by resolution in the usual way, and if nothing has been since done to change it, the compensation is to be made at the rate of $3,000 per year. It seems clear that a change was made by force of the subsequent events in respect thereto. No formal fixing of number of clerks or compensation can be necessary. Both a corporation and those who deal with it can be bound by acts done.

In the fall of 1877 there was elected a district attorney for Kings county. Immediately after his election there was by resolution of the board of supervisors a reduction made in the sum which was to be raised for the office for the year beginning January 1, 1878. The case does not show the fact that this reduction was made known to the district attorney, but it does show that the district attorney appointed the relator as chief clerk, at a salary of $1,500 a year. That he so told the relator, and he accepted the appointment at that rate. That the force in the office was all made to conform to the reduction by the supervisors, and that the list of clerks and assistants were returned with the salary to each, as made by the district attorney, and using up just the sum limited by the board. The relator was on the list at $1,500 per annum. The reduced amount was raised by tax and no more. The relator was paid for his salary after this rate for the three following years without an objection. If this was a transaction between two individuals the proof would be decisive of a new contract. The salary was one which the supervisors could fix. They fixed an entire amount for the office. The chief officer who made the appointment returned the plaintiff as one employed at $1,500 a year, and they raised and paid his salary after that reduced rate. It is not the case where an official charged with the duty of appointment only undertakes to charge the corporation. The supervisors can fix the rate, and the objection is only one of form and not of mistake. It was a new contract as between these parties, and this relator has been paid in full for his services.

Judgment against him should therefore be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.